UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
······················································X
                                                    :
ENRIQUE ZANABRIA & WILMER VELASCO, on               :   **Index No.**
behalf of themselves and all others similarly situated, :
                                                    :   **JURY TRIAL DEMANDED**
              Plaintiffs,                           :
      v.                                            :
                                                    :   **COMPLAINT**
GOURMET TECH CORP d/b/a MARCHE MADISON,              :
MADISON  GOURMET  LTD  d/b/a  MARCHE                :
MADISON, KIM KYUNG HO, and JEFFREY KIM,              :   **FLSA COLLECTIVE**
                                                    :   **ACTION & RULE 23**
              Defendants.                           :   **CLASS ACTION**
······················································X

      Plaintiffs ENRIQUE ZANABRIA and WILMER VELASCO ("Plaintiffs"), by and through their attorneys, on behalf of themselves and all others similarly situated, allege, upon personal knowledge as to themselves, and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

      1.     Plaintiffs brings this action, on behalf of themselves and other employees similarly situated, against Defendants GOURMET TECH CORP d/b/a MARCHE MADISON, MADISON GOURMET LTD d/b/a MARCHE MADISON, KIM KYUNG HO, and JEFFREY KIM (collectively referred to herein as "Defendants") to remedy violations of the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiffs seek, for themselves and similarly situated employees, declaratory and injunctive relief, unpaid wages including unpaid overtime, liquidated damages, reasonable attorneys' fees, costs, and all other appropriate legal and equitable relief, pursuant to the FLSA and other applicable federal law.

2. Plaintiffs also bring this action, on behalf of themselves and other employees similarly situated, to remedy violations of the New York Labor Law ("NYLL"), including NYLL § 190 *et seq.*, § 650 *et seq.*, including 663(1), and 12 NYCRR § 146. Plaintiffs seek, for themselves and all other similarly situated employees, declaratory and injunctive relief, unpaid wages including unpaid overtime, unpaid spread of hours pay, interest, reasonable attorneys' fees, costs, liquidated damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663 and the supporting New York State Department of Labor regulations, including the Hospitality Industry Wage Order.

3. Plaintiffs also bring this action, on behalf of themselves and other employees similarly situated, to remedy violations of NYLL § 195(1) and (3). Plaintiffs seek, for themselves and all other similarly situated employees, statutory damages, costs, and reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to the NYLL § 198(1-b) and (1-d).

## JURISDICTION AND VENUE

4. Jurisdiction of the Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Jurisdiction of this Court over Plaintiffs' NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

3. Venue is proper within this District, pursuant to 28 U.S.C. § 1391, because Defendants do business in, and accordingly reside in, this District. Venue is further proper within

this District pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

6. Plaintiff ENRIQUE ZANABRIA resides in the State of New York.

7. Plaintiff ENRIQUE ZANABRIA was employed by Defendants as a non-exempt hourly employee within the hospitality industry, assigned to work in Defendants' Marche Madison First Avenue location, as described herein, from the middle of 2018 until October 2022. From 2016 until the middle of 2018, Defendants employed Plaintiff ENRIQUE ZANABRIA to work at another of their Marche Madison locations, on East 40th Street.

8. Plaintiff WILMER VELASCO resides in the State of New York.

9. Plaintiff WILMER VELASCO was employed by Defendants as a non-exempt hourly employee within the hospitality industry, assigned to work in Defendants' Marche Madison First Avenue location, as described herein, from April of 2019 until October 2022.

10. Defendant GOURMET TECH CORP d/b/a MARCHE MADISON is a New York Domestic Business Corporation registered in the State of New York with its address for service of process at 630 1st Avenue, New York, New York.

11. Defendant MADISON GOURMET LTD d/b/a MARCHE MADISON is a New York Domestic Business Corporation registered in the State of New York with its address for service of process at 931 Madison Avenue, New York, New York.

12. Defendants GOURMET TECH CORP and MADISON GOURMET LTD, both of which are doing business as MARCHE MADISON are hereinafter collectively referred to as "Marche Madison".

13. Marche Madison own and operate two locations on Manhattan's East side – one at First Avenue and the other on Madison and 74th Street (East 40th Street location has shut down).

14. Defendant KIM KYUNG HO is the owner, manager, and operator of Marche Madison.

15. Defendant KIM KYUNG HO is listed as the "Principal" of Marche Madison on their liquor licenses, as per the records of the New York State Liquor Authority.

16. Defendant KIM KYUNG HO had, and has, the power to hire, fire, and set the wages and hours of all the employees of Marche Madison, including Plaintiffs and others similarly situated, and regularly supervised Plaintiff and the other employees working for MARCHE MADISON.

17. Defendant KIM KYUNG HO regularly visits both Marche Madison locations and has and had the authority to set and implement Marche Madison's employment policies, including the wage and hour practices complained of herein.

18. Defendant JEFFREY KIM is the manager and/or operator of Marche Madison

19. Defendant JEFFREY KIM supervised the day-to-day operations of Marche Madison.

20. Defendant JEFFREY KIM set the hours of work and schedules for both Plaintiffs, members of the FLSA Collective, and the Class Members.

21. Defendant JEFFREY KIM had and has the authority to hire and fire both Plaintiffs, members of the FLSA Collective, and the Class Members, and actually fired both Plaintiffs.

22. Defendants GOURMET TECH CORP, MADISON GOURMET LTD, KIM KYUNG HO and JEFFREY KIM are collectively referred to herein as the "Defendants."

23. Defendants grossed more than $500,000.00 in each of the last six calendar years.

24. At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of § 3(r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s).

25. At all times relevant hereto, Defendants employed employees, including Plaintiffs and the members of the FLSA Collective, who were employed by Defendants' enterprise engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of § 3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

26. At all times relevant hereto, Defendants have been, and continue to be, an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. § 203 and 29 U.S.C. § 207(a)(1).

27. At all times relevant hereto, Defendants have been, and continue to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NYLL §190(3). At all times relevant hereto, Defendants have employed "employee[s]", including Plaintiff and each of the members of the FLSA Collective and Class Members.

**FACTUAL ALLEGATIONS**

28. Defendants operate Marche Madison, a company currently with two prepared food store/deli/restaurant locations on Manhattan's East side – one at First Avenue and the other on Madison and 74th Street - that sell prepared foods, sandwiches, coffee, snacks, and many other cooked food items. Defendants claim that they provide "New Yorkers with the highest quality [] delicious food for breakfast, lunch, dinner, parties, meetings or any other occasions" and that they

5

serve "all different types of world's favorite food - Italian, Greek, American, Korean, Japanese, Chinese, Spanish…"[1]

29.     To prepare and serve the food and drinks that they sell to the public, Defendants employed and continue to employ numerous non-exempt employees, including both Plaintiffs, members of the FLSA Collective, and the Class Members.

*Overtime*

30.     Defendants employed Plaintiffs, members of the FLSA Collective, and the Class Members to work at their Marche Madison locations to work between five, six, or seven shifts each week. These shifts averaged nine to ten hours per day, resulting in Plaintiffs, members of the FLSA Collective, and the Class Members regularly working well over fifty (50) and sixty (60) hours per week.

31.     For example, during recent years both Plaintiffs worked between fifty-five (55) and sixty (60) hours per week, six days a week. Prior to that, in the year plus after the onset of the COVID-19 pandemic, Plaintiff ZANABRIA regularly worked seven days per week, for a total of sixty-five (65) to seventy (70) hours per week, or more.

32.     While Defendants paid Plaintiffs, members of the FLSA Collective, and the Class Members some of their overtime hours, they did not pay them for all of their overtime hours.

33.     Specifically, in violation of the FLSA and the NYLL, Defendants automatically deducted one hour from everyone's time-cards, despite many of them, including both Plaintiffs, <u>never</u> being allowed to take more than a few minutes for lunch. This resulted in Defendants shaving off one hour per day/shift, from the pay of Plaintiffs, members of the FLSA Collective, and the Class Members.

---

[1] marche madison - Search (bing.com) (accessed October 27, 2023)

34. Thus, Defendants underpaid Plaintiffs, members of the FLSA Collective, and the Class Members, by failing to pay them for <u>all</u> of their overtime hours at the rate of one and one half times their regular hourly rate for <u>all</u> hours over forty that they worked in a workweek.

35. Defendants did not record all work time worked by Plaintiffs, members of the FLSA Collective, and the Class Members.

36. Defendants failed to keep accurate and sufficient time records as required by Federal and State laws.

37. Defendants failed to post or keep posted notices explaining the rights of employees under the FLSA and NYLL, causing Plaintiffs, the FLSA Collective and the Class Members to be uninformed of their rights.

38. Defendants shaved the hours of their workers, including those of Plaintiffs, the members of the FLSA Collective and the Class Members, in a scheme to defraud them and save on payroll costs.

39. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiffs, the members of the FLSA Collective and the Class Members.

### *Spread of Hours*

40. Plaintiffs, members of the FLSA Collective, and the Class Members often worked shifts of more than ten hours.

41. Despite the spread of hours requirements of the NYLL and its implementing regulations, Defendants never paid Plaintiffs and the Class Members an additional hour of pay at the minimum hourly rate for these long shifts as required by 12 NYCRR § 146-1.6.

### *Notice Violations*

42. Defendants never provided Plaintiffs, members of the FLSA Collective, and the Class Members a notice in writing of their wage and overtime rate at the time that they were hired, as required by section 195(1) of the NYLL.

43. Defendants did not provide Plaintiffs, members of the FLSA Collective, and the Class Members with any wage statements.

## FLSA COLLECTIVE ACTION ALLEGATIONS

44. Plaintiffs bring the First Cause of Action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt workers who were employed by Defendants to work at Marche Madison on or after the date that is three years prior to the filing of this Complaint to the entry of judgment in this case. All said persons, including Plaintiffs, are referred to herein as the members of the "FLSA Collective."

45. At all relevant times, Plaintiffs and the other members of the FLSA Collective are and have been similarly situated and have been subject to Defendants' common policies and practices of willfully violating the Fair Labor Standards Act as set forth in this complaint. The claims of Plaintiffs herein are essentially the same as those of the other members of the FLSA Collective.

46. Other non-exempt workers currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide them notice of the action and allow them to opt in to such an action if they so choose.

47. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. 216(b). The members of the FLSA Collective are readily ascertainable. For purpose of notice and other purposes related to

this action, their names and addresses are readily available from Defendants based on records they are required to maintain by law.  Notice can be provided to the members of the FLSA Collective via first class mail to the last addresses known to Defendants and by notices posted at Defendants' restaurants where the members of the FLSA Collective work.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK LABOR LAW**

48. Plaintiffs bring the Second and Third Causes of Action pursuant to Fed. R. Civ. P. ("FRCP") Rule 23, to recover unpaid wages, unpaid overtime pay, unpaid spread of hours pay, liquidated damages, and statutory damages on behalf of a class of all hourly, non-exempt individuals employed by Defendants to work at Marche Madison on or after the date that is six years before the filing of the original Complaint in this case until the entry of judgment in this case (the "Class Period").  All said persons, including Plaintiffs, are referred to herein as the "Class Members" and/or the "Class".

49. The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendants.  The dates of employment and the rates of pay for each Class Member, the hours assigned, and the wages paid to them, are also determinable from Defendants' records.  Notice can be provided by means permissible under FRCP Rule 23.

50. The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiffs and is presently within the sole control of Defendants, Plaintiffs believe that through discovery he will obtain evidence to establish that there are well over forty members of the Class.

51. Plaintiffs' claims are typical of the claims of the Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.

All the Class Members were subject to the same enterprise-wide practices of Defendants, in that they were not properly compensated for all hours and overtime hours worked and for spread of hours pay. Moreover, all of the Class Members were subject to Defendants' policies of failing to give the Class Members the required NYLL §195(1) notices at their hiring and failing to give the Class Members the wage statements required by NYLL § 195(3). Defendants' enterprise-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

52. As fellow employees of Defendants, which failed to compensate Plaintiffs and the Class Members as required by law, Plaintiffs and the other Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

53. Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in employment and wage and hour litigation and class action litigation. Plaintiffs' counsel have many times previously represented plaintiffs in wage and hour class cases.

54. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual

Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

55. Upon information and belief, employees are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because of the fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

56. The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including:

> a   Whether Defendants failed to pay Class Members one and one half times their regular hourly rates, as required by 12 NYCRR § 146-1.4, for <u>all</u> hours worked in excess of forty (40) in a workweek;

11

      b      Whether Defendants paid spread of hours premiums to the Class Members for all days on which the Class Members' spread of hours exceeded ten (10) hours, as required by 12 NYCRR § 146-1.6;

      c      Whether Defendants provided written notices to the Class as required by 12 NYCRR § 146-2.2 and NYLL § 195(1); and

      d      Whether Defendants provided wage statements to the Class as required by 12 NYCRR § 146-2.3 and NYLL § 195(3).

57. Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the NYLL.

## FIRST CAUSE OF ACTION

**(Fair Labor Standards Act, Brought by Plaintiffs on Behalf of Themselves and the Members of the FLSA Collective)**

58. Plaintiffs, on behalf of themselves and the members of the FLSA Collective, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

59. Plaintiffs consent in writing to be parties to this action under 29 U.S.C. § 216(b). See Exhibit "A" attached hereto.

60. At all times relevant hereto, Plaintiffs and the members of the FLSA Collective have been employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(a).

61. Defendants willfully and repeatedly violated the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay Plaintiffs and the members of the FLSA Collective at a rate not less than one and one-half times their regular rates of pay for <u>all</u> work performed in excess of forty hours in a workweek.

62. Defendants are liable to Plaintiffs and the members of the FLSA Collective for unpaid overtime compensation.

63. Plaintiffs and the members of the FLSA Collective are further entitled to recover from Defendants an equal amount as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

64. At all times relevant hereto, Defendants had a policy and practice of refusing to pay all of the overtime compensation owed to their employees for all hours worked in excess of forty hours per workweek.

65. At all times relevant hereto, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiffs and the members of the FLSA Collective the statutorily required overtime rates for <u>all</u> hours worked in excess of forty (40) hours per workweek.

66. Defendants' violation was willful and a three year limitations period should apply under 29 U.S.C. § 255(a).

67. Plaintiffs, on behalf of themselves and the members of the FLSA Collective, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA, pre-and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## <u>SECOND CAUSE OF ACTION</u>

**(NYLL - Failure to Pay Spread of Hours Pay & Overtime Wages, Brought by Plaintiffs on Behalf of Themselves and the Class)**

68. Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

69. At all relevant times, Defendants employed Plaintiffs and the Class Members

within the meaning of the NYLL §651 and 12 NYCRR § 146-3.2.

70. It is unlawful under New York law for an employer to suffer or permit an employee to work without compensation for all hours worked.

71. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

72. Throughout the Class Period, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the Class Members for all of the overtime hours worked at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

73. Defendants violated and are violating Plaintiffs and the Class Members' rights by failing to pay or underpaying Plaintiffs and the Class Members the required overtime wages, in violation of NYCRR § 146-1.4 and by failing to pay Plaintiffs and the Class Members for <u>all</u> hours worked.

74. Defendants violated and are violating Plaintiffs and the Class Members' rights by failing to pay or underpaying Plaintiffs and the Class Members the required spread of hours pay, in violation of NYCRR § 146-1.6.

75. Defendants' failure to timely pay the Plaintiffs and the Class Members the foregoing amounts is a violation of the NYLL.

76. Pursuant to the NYLL, Defendants are liable to Plaintiffs and the Class Members for unpaid or underpaid (1) overtime compensation, and (2) spread-of-hours wages.

77. Plaintiffs and the Class Members are further entitled to recover liquidated damages, pursuant to NYLL § 198 and § 663(1).

78. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

79. Plaintiffs, on behalf of themselves and the Class Members, seeks damages in the amount of their respective unpaid overtime compensation, spread of hours pay, liquidated damages, prejudgment interest at the statutory rate, post judgment interest, attorneys' fees and costs, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION

**(Notice Violations Brought by Plaintiffs on Behalf of Themselves and the Class)**

80. Plaintiffs, on behalf of himself and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

81. Defendants failed to furnish to Plaintiffs and the Class Members, at the time of hiring, a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; any doing business as names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the Wage Theft Prevention Act, NYLL § 195(1) and NYCRR § 146-2.2.

82. Defendants failed to furnish to Plaintiffs and the Class Members with each wage payment an accurate statement listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and NYCRR § 146-2.3.

83. Defendants violated NYLL § 195(1) and (3) and consequently owe Plaintiffs and the Class Members statutory damages as specified by NYLL § 198(1-d).

84. Plaintiffs, on behalf of themselves and the Class Members, seek statutory damages as specified by NYLL § 198(1-b) and (1-d), reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of themselves, the members of the FLSA Collective, and the Class Members, prays for relief as follows:

(a) Certification of this action as a collective action as it relates to the First Cause of Action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all members of the FLSA Collective described herein apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Designation of Plaintiffs and their counsel to represent the members of the FLSA Collective;

(c) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 as it relates to the Second and Third Causes of Action;

(d) Certification of Plaintiffs as class representative and designation of Plaintiffs' counsel as class counsel;

(e) An award of unpaid overtime compensation, unpaid hourly compensation, and spread of hours pay, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendants;

(f) Statutory damages under NYLL § 198(1-b) and (1-d) for violations of NYLL § 195(1) and (3);

(g) Costs of action incurred herein, including expert fees;

(h) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, NYLL § 663;

(i) Pre-Judgment and post-judgment interest, as provided by law; and

(j) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: October 27, 2022

                              HARRISON, HARRISON & ASSOCIATES, LTD.

                              ____/s/DAVID HARRISON_____
                              David Harrison, Esq.
                              Julie Salwen, Esq.
                              dharrison@nynjemploymentlaw.com
                              110 State Highway 35, Suite 10
                              Red Bank, NJ 07701
                              (718) 799-9111 Phone
                              *Attorneys for Plaintiffs and the Proposed FLSA Collective and Class Members*

# Exhibit "A"

  Soy una empleada actual o anterior de MADISON GOURMET, LTD. y KIM KYUNG HO y entidades o individuos relacionados. Por la presente, doy mi consentimiento y acepto ser una demandante en esta Acción para obtener compensacion por violaciones de la Ley Justa de Normas Laborales, en conformidad con 29 U.S.C. 216 (b).

  Por la presente, designo a Harrison, Harrison & Associates, Ltd. para que me represente en esta Acción y también doy mi consentimiento y estoy de acuerdo, si es necesario, presentar este reclamo en nombre de todos los demás que estan en situación similar.

10/26/2023

Firmado este ____ dia de _____.

*DocuSigned by:*
*Enrique Zanab*
F8BF696CB8DC4D5...

_____

Firma

Enrique Zanabria

_____

Nombre legal completo (deletreado)

Soy una empleada actual o anterior de **MADISON GOURMET, LTD.** y **KIM KYUNG HO** y entidades o individuos relacionados. Por la presente, doy mi consentimiento y acepto ser una demandante en esta Acción para obtener compensacion por violaciones de la Ley Justa de Normas Laborales, en conformidad con 29 U.S.C. 216 (b).

Por la presente, designo a Harrison, Harrison & Associates, Ltd. para que me represente en esta Acción y también doy mi consentimiento y estoy de acuerdo, si es necesario, presentar este reclamo en nombre de todos los demás que estan en situación similar.

10/26/2023

Firmado este \_\_\_\_ dia de _____.

_Wilmer V_
DocuSigned by: 024B3A11A28647D...

Firma

Wilmer Velasco

Nombre legal completo (deletreado)