# Harrison, Harrison & Associates, Ltd.

90 BROAD STREET, 2nd Floor
NEW YORK, NY, 10007
DIRECT DIAL (888) 239-4410
FAX (718) 799-9171
dharrison@nynjemploymentlaw.com

Address all mail to:
110 Highway 35, 2nd floor
Red Bank, NJ 07701

January 19, 2024

**VIA ECF**

The Honorable Ona T. Wang, U.S.M.J
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *Zanabria et. al. v. Gourmet Tech Corp. et. al.* 1:23-cv 09479-OTW

Dear Judge Wang:

We represent Plaintiffs ENRIQUE ZANABRIA and WILMER VELASCO ("Plaintiffs") in the above-referenced matter and we write to advise the Court that Plaintiffs have finalized their settlement agreement ("Agreement") with Defendants GOURMET TECH CORP d/b/a MARCHE MADISON, MADISON GOURMET LTD d/b/a MARCHE MADISON, KIM KYUNG HO, and JEFFREY KIM ("Defendants").  As per Judge Ramos' January 8, 2024 Order that the parties file their motion for settlement approval by Monday January 22nd, Plaintiffs respectfully request that the Court approve the Agreement - attached hereto as Exhibit "1"- and the settlement of the wage and hour claims in this case as final, fair, reasonable, adequate, and binding on the parties, and that the Court dismiss this litigation while retaining jurisdiction over the implementation of the Agreement (attached as Exhibit "A" to the Agreement is a stipulation and proposed order).

The terms of the Agreement provide that in exchange for Plaintiffs discontinuing this litigation and executing in favor of Defendants a wage and hour release[1], Defendants shall pay Plaintiffs a total of $52,500.00 (the "Settlement Amount"), inclusive of attorney's fees and disbursements, in monthly installments over the next two years.

The parties settled this case with the assistance of mediator Alan Gettner, Esq., who was assigned to be the parties' mediator after this Court referred this case for early mediation (*See* ECF Doc. # 6).  In negotiating the Settlement Amount at the mediation and the Agreement thereafter, at all times the parties' counsel negotiated hard, and all negotiations occurred at arms' length.  The Settlement Amount and Agreement reflect a compromise between Plaintiffs and

---

[1] Defendants are also reciprocally releasing Plaintiffs from any and claims they may have against them.

Defendants. While Plaintiffs could have possibly received significantly more money – Plaintiffs' unpaid wages damages were estimated at approximately $135,000 - had they proceeded to and won at trial, Plaintiffs agreed to the Settlement Amount, and believe it to be a fair and reasonable compromise, because, in addition to receiving their money much sooner, and not having to wait months or years, Defendants' businesses were suffering financially and there were serious concerns about Defendants filing for bankruptcy and Plaintiffs being able to collect on any judgment obtained, as discussed at length prior to, and at, the mediation. Further, Defendants were in possession of certain time and pay records that showed that Defendants had tracked some of the Plaintiffs' time and paid for many overtime hours worked, thus complicating Plaintiffs' theory of recovery. Plaintiffs also wished to forego the uncertainties of litigation and the hassle <u>and</u> expense of proceeding through trial and did not want to have to take time off from work for conferences, trial preparation and trial.

Plaintiffs – and Defendants – thus believe that the Settlement Amount represents a fair and equitable compromise that allows them to proceed with their personal and work lives without the disruptions, inconveniences, and risks inherent in litigation.

## <u>ATTORNEYS' FEES & COSTS</u>

From the Settlement Amount, $17,337.67 will be paid out to <u>each</u> of the Plaintiffs, as agreed upon between them, and $17,337.66 is allocated for attorneys' fees, plus costs in the amount of $487.[2]

The attorney's fees represent the one-third contingency - agreed upon by Plaintiffs in their retainer agreements – that is regularly approved in this circuit in FLSA and NYLL cases. *See Santos v. E T & K Foods, Inc.,* No. 16-CIV-7107(DLI)(VMS), 2019 WL 2435857, at *9 (E.D.N.Y. Feb. 26, 2019) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by the courts in this Circuit") (citing cases); *Sumba Lema v. LIC Evergreen Cleaners Inc.,* No. 19-CV-836 (WFK) (LB), 2019 WL 6312378, at *4 (E.D.N.Y. Nov. 8, 2019)*, report and recommendation adopted*, No. 19-CV-836 (WFK) (LB), 2019 WL 6307412 (E.D.N.Y. Nov. 25, 2019) ("Courts in this district generally find 33% of the overall settlement, the one-third contingency fee arrangement, to be reasonable*") (*citing cases*); Fernandez v. Masterypro Grp.,* No. 18-CIV-4540 (HBP), 2019 WL 4412804, at *3 (S.D.N.Y. Sept. 16, 2019) (finding the fee to be reasonable; contingency fees of one-third in FLSA cases are routinely approved in this Circuit); *Santiago v. Church Ave. Express Inc*., No. 18-CV-1594(RJD)(LB), 2020 WL 1877968, at *4 (E.D.N.Y. Jan. 22, 2020) (finding "30% of the total settlement [to be] a reasonable and appropriate attorney's fee award"); *Aly v. Dr. Pepper Snapple Grp., Inc.*, No. 18-CV-4230 (FB)(LB), 2019 WL 3388947, at *5 (E.D.N.Y. June 13, 2019), *report and recommendation adopted,* No. 18-CV-4230 (FB) (LB), 2019 WL 3388925 (E.D.N.Y. July 26, 2019) ( plaintiffs' attorney's fees in the amount of $10,000.00 should be approved as fair and reasonable in this case. This amount represents one-third of the proposed settlement.); *Shamsundar v. FCS Grp. LLC,* No. 18-CV-2514(KAM)(LB), 2019 WL 3716198, at *4 (E.D.N.Y. May 22, 2019*)* (Finding that plaintiff's counsel's fee award of [one-third] in this

---

[2] Costs were: filing fee of $402 and process server fees of $85.

action is fair and reasonable. "[A] one-third contingency fee is a commonly accepted fee in this Circuit.) (citing cases).

The attorneys' fees agreed to by the parties in the Settlement Agreement of $17,337.66 amounts to just below the current lodestar (inasmuch as there is a two-year payout we will be continuing to spend time on this case over the payout period). Under the lodestar method, Plaintiffs' counsel invested $17,750 in time (34.7 hours billed by David Harrison, Esq., and 4 legal assistant[3] hours) to date in this litigation.[4] Notably, Plaintiffs' counsel is absorbing and not seeking time by other legal assistants who helped translate (in many client meetings) on this case or the numerous mailings that will be sent out over the two-year payout period.

## PLAINTIFFS' COUNSEL'S QUALIFICATIONS

David Harrison received his law degree from Benjamin N. Cardozo School of Law in 2004 and has been the Managing Partner at Harrison, Harrison & Associates ("HHA"), a law firm dealing almost exclusively with employee rights, ever since it was founded almost ten years ago. During this period, Mr. Harrison has served, and currently serves, as plaintiffs'-side counsel in numerous Fair Labor Standards Act ("FLSA") and NYLL wage and hour individual, multi-plaintiff, collective and putative class actions in various New York State Courts and administrative agencies, and in Federal Courts including the Southern and Eastern Districts of New York, the District of New Jersey, the Northern District of Illinois (admitted *pro hac vice*), the District of Connecticut (admitted *pro hac vice*), and the Central District of California (admitted *pro hac vice*). Mr. Harrison is licensed to practice law before all of the courts of the States of New York, New Jersey, and Florida, as well as the Southern and Eastern Districts of New York, the District of New Jersey, the Second Circuit Court of Appeals, the Third Circuit Court of Appeals, and the United States Supreme Court.

Over the last several years, Mr. Harrison and HHA have been appointed class/collective counsel or counsel for representative plaintiffs in numerous FLSA wage and hour collective/class actions. *See e.g. Ahmed Hegazy et. al. v. The Halal Guys, Inc. et. al.*, No. 22-CV-01880 (LGS) (S.D.N.Y., Sep. 2, 2022) (conditionally certifying FLSA collective and appointing David Harrison counsel for the FLSA collective in a FLSA/NYLL case involving dozens of food-cart workers); *Andy Gil et. al. v. Pizzarotti, LLC. et. al.*, No. 19-CV-03497 (MKV) (S.D.N.Y., Mar. 31, 2022) (certifying FLSA collective and appointing David Harrison counsel for the FLSA collective in a FLSA/NYLL case involving 42 construction workers); *Perez v. Isabella Geriatric Ctr., Inc.*, No. 13-CV-7453 (RA), 2016 WL 5719802, at *3 (S.D.N.Y. Sept. 30, 2016) (appointing David Harrison Class Counsel in a FLSA/NYLL case involving approximately 950 certified nursing assistants); *Poonam Sharma et. al. v. Burberry Limited*, 12-CV-06356 (LDW)(AKT) (E.D.N.Y., August 12, 2015) (appointing HHA and David Harrison Class Counsel and granting final approval of $1.45 million FLSA collective and class action settlement); *Evan Hightower v. JPMorgan Chase Bank, N.A.*, CV 11-1802 (PSG)(PLA)

---

[3] The Legal Assistant hours in this case were spent by Jenny M Aguilar, who helped translate for us at the mediation.

[4] The rates were calculated based on hourly rates of $500/hour for David Harrison and $100/hour for Legal Assistant/Paralegal time.

(Cent. Dist. Calif., August 4, 2015) (granting final approval of $12 million FLSA collective and class action settlement involving over 149,000 class members); *Luis P. Taipe et. al. v. MC&O Contracting, Inc. et. al.,* No. 12-cv-4479 (JMA) (E.D.N.Y., June 18, 2015) (appointing HHA and David Harrison Class Counsel and granting preliminary approval of class action settlement involving 770 construction workers); *Dimitra Verikios et. al. v. Taina Corp., et. al.*, No. 12-cv-2592(MAS)(TJB) (D.N.J. March 17, 2015) (granting final approval of class action settlement involving 412 class members).

In light of the above, Plaintiffs respectfully request that this Court approve the parties' Agreement and discontinue this case while retaining jurisdiction over the implementation of the Agreement.   We thank the Court for its attention to this matter.

Respectfully submitted,

/S/ DAVID HARRISON
David Harrison

cc: All Counsel of Record (VIA ECF)

# Exhibit "1"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENRIQUE ZANABRIA & WILMER VELASCO,<br><br>                          Plaintiffs,<br><br>    -against-<br><br>GOURMET TECH CORP d/b/a MARCHE<br>MADISON, MADISON GOURMET LTD d/b/a<br>MARCHE MADISON, KIM KYUNG HO, and<br>JEFFREY KIM,<br><br>                          Defendants. | Case No. 23-cv 09479 (OTW) |

## SETTLEMENT AGREEMENT

**WHEREAS,** Plaintiffs ENRIQUE ZANABRIA & WILMER VELASCO ("Plaintiffs") filed or joined in the above-captioned action against Defendants GOURMET TECH CORP d/b/a MARCHE MADISON, MADISON GOURMET LTD d/b/a MARCHE MADISON, KIM KYUNG HO, and JEFFREY KIM ("Defendants") in the United States District Court for the Southern District of New York ("Court"), bearing Case No. 23-cv-09479 (ER) ("Action") and alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");

**WHEREAS,** Defendants have denied and continue to deny all allegations and claims made, or could be made by Plaintiffs against them in their entirety;

**WHEREAS,** Plaintiffs and Defendants (collectively, the "Parties") desire to fully and finally resolve all claims asserted in the Action or which could have been asserted in the Action based on the facts alleged in all of the pleadings filed in the Action;

**WHEREAS,** the Parties engaged in good faith negotiations at arm's-length and exchanged detailed damages calculations for settlement purposes;

**WHEREAS,** with the assistance of mediator Alan Gettner, Esq., assigned by the Court, the Parties reached a settlement that is acceptable to the Parties and that constitutes a fair and reasonable compromise of Plaintiffs' claims, Defendants' defenses, and the *bona fide* dispute between the Parties; and

**WHEREAS,** the Parties have memorialized their settlement by way of this Settlement Agreement ("Agreement") and understand that they are waiving legal rights by signing this Agreement and enter into this Agreement voluntarily with a full understanding of, and agreement with, all of its terms.

1

**NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, Plaintiffs, on behalf of themselves and all of their heirs, executors, administrators, and assigns, and Defendants, on behalf of themselves and all of their heirs, executors, administrators, and assigns, agree as follows:

1.      **Preliminary Matters.** Plaintiffs have reviewed the terms of this Agreement, have had the opportunity to confer with their attorneys, Harrison, Harrison & Associates, Ltd. ("Plaintiffs' Counsel"), in order to obtain advice with respect to the terms of this Agreement, and have had the opportunity to consider Plaintiffs' counsel's advice with respect to the foregoing and following Agreement.      Plaintiffs enter into this Agreement voluntarily and with a full understanding of its terms.

2.      **No Admission of Liability.**      The Parties hereto recognize and agree that Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiffs or anyone else as a result of or growing out of this Action that: (i) are set forth in the pleadings, including without limitation the Complaint filed by Plaintiffs in the Action; and (ii) expressly raised or could have been raised in the Action; or (iii) otherwise involve Plaintiffs' purported employment relationship with Defendants and/or the separation or termination of Plaintiffs' purported employment relationship with Defendants. Neither this Agreement nor any of its terms shall be admissible in any proceeding other than in an application seeking Court approval of this Agreement and/or the final dismissal of the Action, in a proceeding for breach of this Agreement and/or to enforce the terms of this Agreement, or to prove the assigning of certain rights by Defendants to Plaintiffs as set forth herein.

3.      **Dismissal of Action and Settlement Approval.** For and in consideration of the promises of Defendants set forth in this Agreement, the receipt and sufficiency of which Plaintiffs hereby acknowledge, Plaintiffs agree: (i) to dismiss Defendants from the Action with prejudice or cause Defendants to be dismissed from the Action with prejudice; (ii) not to re-file the causes of action against Defendants asserted in the Action, or any other causes of action that could have been asserted against Defendants in the Action based upon the facts set forth in the Plaintiffs' Complaint; and (iii) not to institute any action against Defendants based on any wage, overtime and or hour claims that may, or could have existed on or prior to the date that Plaintiffs execute this Agreement and which are released by this Agreement – except in the event of a breach by Defendants of this Agreement. The Parties agree to submit this Agreement to the Court for its inspection and approval as a fair and reasonable resolution of a *bona fide* dispute over provisions of the Fair Labor Standards Act and/or time worked, in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 146 S. Ct. 824 (U.S. 2016) ("*Cheeks*"), and shall request that the United States District Court for the Southern District of New York retain jurisdiction over the Action for the purposes of enforcing the terms of this Agreement. To that end, the Parties shall authorize their attorneys to sign the Stipulation and (Proposed) Order Approving FLSA Settlement and Dismissing Action with Prejudice ("Dismissal Order") that is attached to this Agreement as Exhibit A. Plaintiffs shall file the Dismissal Order with the United States District Court for the Southern District of New York, and any other papers that are necessary to effectuate the approval of the Agreement, including the release of claims contemplated thereby, and the dismissal of Defendants from the Action with prejudice.

4. **Consideration.**

A.    For and in consideration of the promises of Plaintiffs set forth in this Agreement. including but not limited to the releases contained in Section 5 below, and subject to an order by the Court approving the terms and conditions of this Agreement, Defendants agree to pay to Plaintiffs' attorneys the total sum of Fifty Two Thousand and Five Hundred Dollars and Zero Cents ($52,500.00) ("Settlement Payment") in full and final satisfaction of all issues, as described herein, between the Parties, including but not limited to, Plaintiffs' claims of alleged unpaid wages, statutory penalties, attorneys' fees, costs, interest, and liquidated damages. The Settlement Payment shall be divided as follows: $487 to be paid for costs, $17,337.67 to each of the two Plaintiffs, and $17,337.66 in attorneys' fees. The Settlement Payment shall be made as follows:

B.    Each Settlement Payment shall be delivered to Plaintiffs' Counsel – via overnight mail to Plaintiffs' Counsel's Red Bank, NJ office or via wire/ACH payment to Plaintiffs' Counsel's escrow account (to be supplied) - and Plaintiffs' Counsel shall be responsible for distributing the Settlement Payment to Plaintiffs. Defendants shall have no further obligations following satisfaction of the Settlement Payment.

C.    One (1) initial payment of $2,500.00 shall be made paid by no later than March 1, 2024,

D.    Twenty five (25) monthly payments each in the amount of $2,000.00 due on the first of each month, starting April 1, 2024, and continuing until and including April 1, 2026 – for a total of $50,000.00,

E.    Notwithstanding anything to the contrary, in the event that the Court has not approved this Agreement prior to the payment dates referenced above, Harrison, Harrison & Associates, Ltd. shall hold the payments in escrow until the Court approves this Agreement; once the Agreement is approved, Harrison, Harrison & Associates, Ltd, may distribute the payments to themselves and Plaintiffs. If this Agreement is not approved by the Court for any reason, Harrison, Harrison & Associates, Ltd. shall immediately return, no later than 3 days upon written notice, to counsel for Defendants, all monies held in escrow on behalf of Defendants in connection with this Agreement.

F.    Concurrently with the execution of this Agreement, both of the individual Defendants shall cause to be executed and delivered to Plaintiffs' Counsel a confession of judgment ("Confession of Judgment") in the form annexed hereto as Exhibit B. The Parties hereby acknowledge and agree that the Confessions of Judgment will be held in escrow by Plaintiffs' Counsel, and will not be entered and/or filed at any time other than in the event that Defendants both (a) fail to make payment on or before the date payment becomes due according to the terms herein and (b) fails to cure such default by ensuring Plaintiffs' Counsel's actual receipt of the delinquent payment within seven (7) days of receipt of written notice (to be delivered to Defendants' counsel Diane H. Lee, Esq.., via email at dlee@dhllaw.com of such default (a "Default Event"). Any such Notice of Default may be emailed to the address above and deemed received as of the date it is actually sent. Notwithstanding the foregoing and without limiting any right or remedy, in the event any Settlement Payment is not timely made or cured according to the

3

terms herein. Plaintiffs may file the Confessions of Judgment immediately and seek the outstanding amount of the Settlement Payment, plus reasonable attorneys' fees and costs - incurred as a result of Defendants' breach of the Settlement Agreement - to be paid in one lump sum. Upon full payment of the monies due pursuant to this Agreement, Plaintiffs, by and through their attorneys, shall destroy the original Confessions of Judgment.

5.    **Release by Plaintiffs.** For and in consideration of the promises of Defendants set forth in this Agreement, including the Settlement Payment, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiffs, on behalf of themselves and all of their heirs, executors, administrators, attorneys, and assigns, or any other person or entity acting, could act, on their behalf, hereby fully and forever release, relieve, waive, relinquish, and discharge Defendants from any and all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims, and demands relating to the facts and claims asserted by Plaintiffs in the pleadings filed in the Action against Defendants or that could have been raised by Plaintiffs against the Defendants, based on the facts asserted in the Action, pleadings or any letters to the Court, whether such claims are known or unknown, that could have been brought, under federal, state, and/or local wage and hour laws (including, but not limited to, the FLSA, the NYLL, the New York Wage Order for Miscellaneous Industries and Occupations, and the New York Wage Theft Prevention Act) or the common law, including any related penalties, damages, liquidated damages, interest, and attorneys' fees and costs, from the beginning of the world through the date that each Plaintiff executes this Agreement. Defendants, on behalf of themselves and all of their agents, heirs, executors, administrators, affiliates, and assigns, reciprocally fully and forever release each of the Plaintiffs from any and all liabilities, debts, claims and causes of action whatsoever, from the beginning of the world through the date of their execution of this Agreement.

6.    **No Entitlement to Payments or Benefits Outside This Agreement.** Plaintiffs expressly understand and agree that, except as specifically provided in this Agreement, Plaintiffs are not entitled to any payments and/or benefits from Defendants, including, but not limited to, any wages, compensation, back pay, front pay, gratuities, overtime charges purported to be gratuities, commissions, incentive pay, bonuses, interest, damages, benefits, severance pay, vacation pay, sick leave, paid time off, costs, disbursements, and/or attorneys' fees or any other payment or benefit released pursuant to Paragraph 5 of this Agreement, through the date that Plaintiffs execute this Agreement.

7.    **Non Disparagement.** Each of the Parties hereby agree not to make any statement about any other party that is disparaging or defamatory, except that nothing in this section shall apply with respect to, or prohibit Plaintiffs from sharing, truthful information regarding this litigation.

8.    **Governing Law.** This Agreement and the rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to conflict of laws principles.

9.    **Prevailing Party Fees.** Unless otherwise stated in this Agreement, in the event of any litigation or proceeding to enforce or regarding a breach of the terms of this Agreement, the prevailing Party shall be entitled to recover from the other reasonable attorneys' fees and costs.

10.    **Severability.** In the event that the Court determines that any provision of this Agreement is invalid or unenforceable, the remaining provisions shall continue in full force and effect.

11.    **Important Acknowledgments.** It is understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein are not a mere recitals but are the consideration for this Agreement and all terms herein, including the full and final release effected thereby. The Parties represent and warrant that this Agreement, including the monies received by Plaintiffs and referenced herein, constitutes a fair and reasonable resolution of a *bona fide* dispute over provisions of the FLSA, the NYLL, the New York Wage Order for Miscellaneous Industries and Occupations, and the New York Wage Theft Prevention Act or the common law, including any related penalties, damages, liquidated damages, interest, and attorneys' fees and costs, from the beginning of the world through the date that each Plaintiff executes this Agreement, that was or could have been subject to the Act. Accordingly, the Parties represent and warrant that the Settlement Payment is fair and reasonable and that the attorneys' fees portion of the Settlement Payment is fair and reasonable. The Parties further represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys and that they are executing this Agreement knowingly and voluntarily.

12.    **No Other Representations or Agreements; Entire Agreement.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys to induce the execution of this Agreement. This Agreement is a fully integrated contract expressing and containing the entire agreement of the Parties. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties concerning the subject matter of this Agreement. This Agreement supersedes and replaces all prior negotiations and agreements, proposed or otherwise, written or oral, concerning the subject matter of this Agreement.

13.    **No Modification Except in Writing.** This Agreement cannot be modified or changed except by a writing that is signed by all of the Parties hereto and specifically references this Agreement.

14.    **Headings.** The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

15.    **Successors and Assigns.** This Agreement will apply to, be binding in all respects upon, and inure to the benefit of the respective successors and assigns of the Parties, including their personal representatives, administrators, executors, heirs, and others taking from them, provided, however, that no party may delegate or avoid any of its liabilities, obligations, or responsibilities under this Agreement.

5

16.    **Execution in Counterparts.** This Agreement may be executed in counterparts by the Parties. Each executed Agreement, when taken together, shall constitute a complete Agreement. Scanned, photocopied, and/or facsimile copies of each executed Agreement shall be deemed original copies for all purposes. Moreover, any signature page signed by electronic signature via DocuSign® for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page signed via DocuSign®.

17.    **Knowing and Voluntary Release of Claims.** The Parties acknowledge that:

A.    The Parties have carefully read and fully understand all of the provisions of this Agreement;

B.    The Parties understand that all of the consideration exchanged herein is received for signing this Agreement and is solely described in the Agreement itself, and no other promises or representations have been made to cause the Parties to sign it;

C.    The Parties knowingly and voluntarily agree to all of the terms set forth in this Agreement;

D.    The Parties knowingly and voluntarily intend to be legally bound by this Agreement;

E.    The Parties were advised to consult with counsel, and, in fact, consulted with counsel, prior to executing this Agreement;

F.    The Parties are signing this Agreement knowingly, voluntarily, and without any coercion or duress; and

G.    Plaintiffs have not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

**IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officers to execute, this Agreement as of the dates set forth below.

Date:    1/18/2024

Enrique Zanui
ENRIQUE ZANABRIA

Date:    1/16/2024

Wilmer V
WILMER VELASCO

6

Date: _JAN. 19, 2024_

_____

GOURMET TECH CORP d/b/a MARCHE
MADISON]
By: _____

Date: _JAN. 19, 2024_

_____

MADISON GOURMET LTD d/b/a MARCHE
MADISON
By: _____

Date: _JAN. 19, 2024_

_____
KYUNG HO KIM

Date: _Jan, 19, 2024_

_____
JEFFREY KIM

7

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ENRIQUE ZANABRIA & WILMER VELASCO,

                    Plaintiffs,

    -against-

GOURMET TECH CORP d/b/a MARCHE
MADISON, MADISON GOURMET LTD d/b/a
MARCHE MADISON, KIM KYUNG HO, and
JEFFREY KIM,

                    Defendants.

Case No. 23-cv 09479 (ER)

**STIPULATION AND (PROPOSED)
ORDER APPROVING FLSA
SETTLEMENT AND DISMISSING
THIS ACTION WITH  PREJUDICE**

---

**WHEREAS,** Plaintiffs ENRIQUE ZANABRIA & WILMER VELASCO ("Plaintiffs")

filed or joined in the above-captioned action against Defendants GOURMET TECH CORP d/b/a

MARCHE MADISON, MADISON GOURMET LTD d/b/a MARCHE MADISON, KIM

KYUNG HO, and JEFFREY KIM ("Defendants") in the above-captioned case, hereby agrees to

be bound (Defendants and Plaintiffs, collectively, the "Parties");

**WHEREAS,** the Parties have entered into a Settlement Agreement, dated January 19, 2024

("Agreement"), memorializing the terms of the Parties' settlement; and

**WHEREAS,** this Court has reviewed the Agreement, finds that its terms provide for a fair

and reasonable resolution of a *bona fide* dispute over a provision or provisions of the Fair Labor

Standards Act and/or time worked, in accordance with *Cheeks v. Freeport Pancake House, Inc.*,

796 F.3d 199 (2d Cir. 2015), *cert. denied*, 146 S. Ct. 824 (U.S. 2016), and thereby approves the

settlement.

**WHEREAS,** this Court shall retain jurisdiction to enforce the terms of the Agreement;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between counsel for Plaintiffs and Defendants, and pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, that all claims asserted against Defendants in this action are dismissed with prejudice, and that this Court shall retain jurisdiction to enforce the terms of the Agreement.

**HARRISON, HARRISON & ASSOCIATES, LTD.**

By: __/s/ David Harrison_____
David Harrison, Esq.
   110 Highway 35, 2nd Floor
   Red Bank, NJ 07748
   Telephone: (718) 799-9111
dharrison@nynjemploymentlaw.com
*Attorneys for Plaintiffs*

**THE LAW OFFICES OF DIANE LEE PC**

By: _/s/ Diane H. Lee_____
   Diane H. Lee, Esq.
   1630 Center Avenue
   Fort Lee, NJ 07024
   Telephone: (201) 363-0101
dlee@dhllaw.com
*Attorneys for all Defendants*

SO ORDERED.

_____

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ENRIQUE ZANABRIA & WILMER VELASCO,

                               Plaintiffs,

     -against-

GOURMET TECH CORP d/b/a MARCHE
MADISON, MADISON GOURMET LTD d/b/a
MARCHE MADISON, KIM KYUNG HO, and
JEFFREY KIM,

                               Defendants.

Case No. 23-cv 09479 (ER)

**<u>AFFIDAVIT OF
CONFESSION
OF JUDGMENT</u>**

---

_____, being duly sworn, deposes and says:

     1.    I am a resident of the County of _____ in the State of New _____ and a Defendant in this matter.

     2.    Pursuant to the terms of the Settlement Agreement and Release dated  January _____, 2024 (the "Settlement Agreement") by and between ENRIQUE ZANABRIA & WILMER VELASCO ("Plaintiff") and GOURMET TECH CORP d/b/a MARCHE MADISON, MADISON GOURMET LTD d/b/a MARCHE MADISON, KIM KYUNG HO, and JEFFREY KIM ("Defendants"), I hereby confess judgment and authorize entry thereof in the Southern District of New York against myself and in favor of Plaintiffs for the sum of Fifty Two Thousand Five Hundred Dollars ($52,500.00), less any amounts already paid pursuant to the Settlement Agreement's terms, plus Plaintiff's attorneys fees and costs incurred as a result of Defendants' breach of the Settlement Agreement, in an amount set by the Court.

     3.    This Affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that I am to submit a total sum of Fifty Two Thousand Five Hundred Dollars ($52,500.00), less any amounts already paid, pursuant to the Settlement Agreement's terms plus Plaintiff's attorneys fees and costs incurred as a result of Defendants' breach of the Settlement Agreement in an amount set by the Court.

     4.    This Affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

     I hereby represent my understanding that upon Defendants' failure to make timely payment in the manner prescribed in the Agreement, this Confession of Judgment shall be docketed and

entered in the Clerk's Office of the United States District Court for the Southern District of New York.

5.      The Parties agree that this Confession of Judgment shall be held confidentiality and in escrow by Plaintiffs' attorneys and shall not be filed in any court unless and until I fail to cure a default upon notice and upon the date calculable by the attached Settlement Agreement.  Upon full payment of the Settlement Amount (as defined in the Settlement Agreement), Plaintiff, by and through their attorneys, shall return the original of the Confession of Judgment to counsel for Defendants, and shall not retain any copies thereof.


Date:_____                    _____

                                          Print Name Here: _____

STATE OF NEW YORK     }
                      }S.S.
COUN1Y OF _____  }

        Subscribed and sworn to before me, a Notary Public in and for the County of _____ of the State of New _____ on this ___ day of _____, 2024.